# Cofer *v.* The State.

## *Trespass to Realty.*

(Decided June 30, 1908. 47 South. 1010. Rehearing denied Dec. 24, 1908.)

1. *Bills of Exception; Establishment; Time.*—Under General Acts 1903, p. 396, a motion in the Supreme Court to establish a bill of exceptions, made more than thirty days after the refusal of the trial judge to sign the bill presented to him, comes too late.

2. *Indictment and Information; Trespass.*—A complaint following the language of the statute (section 5608, Code 1896) charging defendant with regaining possession of land of which he had been dispossessed under a writ of possession is sufficient.

APPEAL from Cullman County Court.

Heard before Hon. ROBERT I. BURKE.

William Cofer was convicted of regaining possession of land, of which he had been dispossessed under a writ of possession, by force or otherwise, and appeals. Affirmed.

The affidavit was as follows: "(1) Before me, Robert I. Burke, judge of the county court in and for the said county, personally appeared William Richard, who, be-

[Cofer v. The State.]

ing by me first duly sworn, doth depose and say: That he has probable cause to believe and does believe that William Cofer, having been dispossessed of the following described real estate [here follows the minute description of the real estate] by the sheriff of Cullman county, acting through and by his deputy, C. W. Whaley, under legal process, towit, a writ of possession issued from the circuit court of Cullman county, Alabama, in case of *Annie Wilhite v. W. T. L. Cofer,* being an action of ejectment for the recovery of the possession of the said land, which said court has jurisdiction of the subject-matter, went back into possession of said real estate, by force or otherwise, without having been restored to the possession of the real estate by a court of competent jurisdiction." (2) Same as the first, except that it is alleged that the ejectment suit was prosecuted on behalf of Betty Richards, in the name of Annie Wilhite, because of the fact that, when Annie Wilhite made a deed to Betty Richards, said Cofer was claiming adversely to said Annie Wilhite. (3) Same as 2.

Demurrers were interposed as follows: "(1) Because said complaint charges no offense against defendant. (2) Because it is vague, indefinite, and uncertain in its allegation of the offense attempted to be charged. (3) Because it states the conclusions of the pleader. (4) Because it does not state or show in what manner defendant was dispossessed of the lands described in the complaint, or by whom, and the time of the occurrence of the same. (5) The complaint does not charge any offense known to the law."

WILLIAM L. MARTIN, for appellant. The motion to establish the bill of exceptions should be granted.—General Acts 1903, p. 396. The demurrer interposed to the complaint should have been sustained.—Sec. 5608, Code 1896.

ALEXANDER M. GARBER, Attorney General, for the State.

McCLELLAN, J.—The alleged bill of exceptions was tendered to the judge who presided at the trial on February 16, 1907, and he then refused or failed to sign the same. The motion to establish a bill of exceptions was made in this court on April 16, 1907, more than 30 days after the failure or refusal of the trial judge to sign the purported bill presented to him. The application to establish should, as by the act provided, have been filed in this court within 30 days from the failure or refusal of the judge to sign the bill.—Acts 1903, p. 396.

Upon the record proper, there being no bill, the only ruling adverse to the appellant appearing was the action of the court in overruling his demurrer to the complaint. The several grounds of the demurrer are all without merit, since the complaint, in each count, followed the statute.—Code 1896, § 5608.

There is no error in the record, and the judgment is affirmed.

Affirmed.

TYSON, C. J., and HARALSON, DOWDELL, SIMPSON, ANDERSON, and DENSON, JJ., concur.